UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAMON RUSH, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| vs. | ) | No. 1:23-cv-00308-JMS-KMB |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| *Respondent*. | ) | |

### Order Vacating Show Cause Order, Denying Petition for Writ of Habeas Corpus, and Directing Entry of Final Judgment

Petitioner Damon Rush seeks a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a prison disciplinary proceeding in which he was found guilty of the offense of conspiracy to traffic and was sanctioned with 180-day loss of earned credit time and a one-step demotion in credit earning class, among other non-custody related sanctions. [Filing No. 1 at 1.] He alleges that the discipline was imposed in violation of his due process rights. For the reasons explained below, Mr. Rush's due process rights were not violated by the disciplinary hearing and his habeas petition is **DENIED**.

### I.     SHOW CAUSE ORDER

As a preliminary matter, the Court **VACATES** its September 9, 2024 Show Cause Order and turns to the merits of Mr. Rush's petition. Nevertheless, the Court notes that, according to the IDOC website, it appears Mr. Rush was discharged from IDOC custody to the New Castle Parole District on February 15, 2024.[1] Since his release, Mr. Rush has not updated his address with the Court. In the attempt to ensure that Mr. Rush receives the Court's Order, the Court is sending it to

---

[1] *See* https://indianasavin.in.gov/Offender/OffenderDetail.aspx?OffenderGuid=9a1a4f8b-ccb5-ea11-a6da-005056b3cf73.

1

Mr. Rush at both his outdated address on the docket and at the New Castle Parole District so that the Parole District may forward to him or otherwise ensure his receipt of it.

## II.  LEGAL BACKGROUND

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018).  The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## III.  FACTUAL BACKGROUND

### A.  Events Leading Up to the Disciplinary Proceeding

From April 20, 2022, through August 30, 2022, New Castle Correctional Facility Investigator Barry Privett was investigating Mr. Rush and another inmate, James Maple, on suspicion of trafficking contraband into the New Castle Correctional Facility.  [Filing No. 12-1; Filing No. 12-2 at 1-2.]  Investigator Privett determined that Mr. Maple was using Mr. Rush's phone account to complete calls to Mr. Maple's mother, where the two would discuss their business of trafficking contraband, including mailing Suboxone strips into the New Castle Correctional Facility.  [Filing No. 12-1; Filing No. 12-2 at 1.]

Mr. Maple's mother was listed on Mr. Maple's call list at her main cell phone number. [Filing No. 12-1; Filing No. 12-2 at 1; Filing No. 12-2 at 5.]  When Mr. Maple was not calling his

2

mother to discuss trafficking, he would use his own phone account. [Filing No. 12-1.] But when a need arose for Mr. Maple and his mother to discuss trafficking, Mr. Maple would use Mr. Rush's phone account. [Filing No. 12-1.] Using another inmate's phone account requires knowledge of that inmate's PIN code. [Filing No. 13 at 2.] And on Mr. Rush's call list, Mr. Maple's mother was also listed but under a false name and at her second cell phone, a "burner" phone. [Filing No. 12-1; Filing No. 12-2 at 1; Filing No. 12-2 at 14.]

Call logs revealed that Mr. Rush's phone account was used by Mr. Maple to call his mother seventy-five times between February 24, 2022, and April 18, 2022. [Filing No. 12-1; Filing No. 12-2 at 10-12.] On March 30, 2022, and April 15, 2022, Mr. Maple's mother deposited $40 and $50, respectively, into Mr. Rush's phone account. [Filing No. 12-2 at 16.]

In late April 2022, three packages containing a mini cell phone, a cell phone charger, and fifty Suboxone strips were discovered in the New Castle Correctional Facility mailroom, mailed from a USPS office that was less than one-half mile from Mr. Maple's mother's residence. [Filing No. 12-2; Filing No. 12-2 at 1.]

### B.    The Disciplinary Proceeding

On August 30, 2022, Investigator Privett wrote a Conduct Report charging Mr. Rush with the offense of conspiracy to traffic, which prohibits "[a]ttempting by one's self or with another person or conspiring or aiding and abetting with another person to" "[g]iv[e], sell[ ], trad[e], transfer[ ], or in any other manner mov[e] an unauthorized physical object to another person; or receiv[e], buy[ ], trad[e], or transfer[ ]; or in any other manner mov[e] an unauthorized physical object from another person without the prior authorization of the facility warden or designee." [Filing No. 12-3.]

The Conduct Report stated the events as described above. [Filing No. 12-2.] Mr. Rush was notified of the charge on August 31, 2022, when he received and signed the Screening Report. [Filing No. 12-1.] Mr. Rush also received a copy of the non-confidential report of investigation. [*See* Filing No. 1-1 at 4.] He pled not guilty to the charge and did not request any witnesses or evidence. [Filing No. 1-1 at 9.] He did, however, request the assistance of a lay advocate, and one was provided. [Filing No. 1-1 at 9; Filing No. 12-5.]

A hearing was held on September 8, 2022. [Filing No. 12-7.] The Disciplinary Hearing Officer ("DHO") took into consideration the Conduct Report, Mr. Rush's statement that he did not know anything about the trafficking scheme, and Investigator Privett's report with its accompanying evidence of the call logs and phone account deposits and found Mr. Rush guilty of conspiracy to traffic. [Filing No. 12-7.] The sanctions imposed relating to custody included a credit class demotion and the deprivation of 180 days of previously earned good credit time. [Filing No. 12-7.]

Mr. Rush appealed to the Facility Head, asserting that there was no evidence that he conspired with Mr. Maple or his mother, that he never gave Mr. Maple permission to use his phone account, that he never gave Mr. Maple his PIN code and did not know how he got it, and that there were several other offenders who were investigated for the same thing but "nearly all" of those cases were dropped on "similar or the same evidence." [Filing No. 12-9.] His appeal was denied. [Filing No. 12-10.] Mr. Rush then appealed to the IDOC Final Reviewing Authority, who also denied the appeal. [Filing No. 12-11.]

### C. Mr. Rush's Petition

Mr. Rush then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Filing No. 1.] He asserts three arguments: (1) that there was insufficient evidence to find

4

him guilty of conspiracy to traffic; (2) that he was not allowed to confront his accusers; and (3) that he was not able to review all of the evidence against him. [Filing No. 1 at 2-4.]

### IV. Analysis

#### A. Sufficiency of the Evidence

Mr. Rush argues that there was insufficient evidence to find him guilty. [Filing No. 1 at 2.] Specifically, he asserts that there was no evidence that showed he talked to Mr. Maple and agreed to allow him to use his phone account, that he ever talked to Mr. Maple's mother, or that he even knew of Mr. Maple and Mr. Maple's mother's actions. [Filing No. 1 at 2.]

In response, the prison argues that there is sufficient evidence in the form of "considerable circumstantial evidence" that Mr. Rush had helped Mr. Maple and Mr. Maple's mother traffic contraband into the prison, which meets the standard for proof in prison disciplinary cases. [Filing No. 12 at 9 (citations omitted).]

In reply, Mr. Rush reiterates his argument that there is insufficient evidence of him committing the offense of conspiracy to traffic and highlights that the only evidence is that Mr. Maple—not Mr. Rush—spoke with Mr. Maple's mother. [Filing No. 13 at 4.] He asserts that he does not know Mr. Maple or Mr. Maple's mother, that any prisoner can watch another type in their PIN code and learn their PIN code, and that he did not give his PIN code to Mr. Maple to use. [Filing No. 13 at 2; Filing No. 13 at 4-6.] He also argues that since there is no evidence of him making the phone calls on his account to Mr. Maple's mother, there is no evidence to support the allegation that he conspired with Mr. Maple and Mr. Maple's mother to traffic contraband and cites to *Diaz v. McBride*, 57 F.3d 1073 (7th Cir. 1995) in support. [Filing No. 13 at 3.] He also asserts that he did not add Mr. Maple's mother's second cell phone number to his call list, but that Mr.

5

Maple added his mother's second cell phone number to Mr. Rush's phone list. [Filing No. 13 at 6-7.]

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985) (emphasis added); *see also Eichwedel v. Chandler,* 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board."). This standard can be met by circumstantial evidence. *Santiago v. Veach*, 215 Fed. App'x 552, 553-54 (7th Cir. 2007) ("Finally, while there may be no direct evidence of Santiago's intent to build a bomb, the drawings and list of books are circumstantial evidence that he was planning to do so, and that is enough to support the DHO's determination."); *Patrick v. Knight*, 2020 WL 8641421, at *2 (S.D. Ind. Oct. 3, 2020) (finding that circumstantial evidence "meet[s] the 'some evidence' threshold for prison disciplinary cases"). Under this standard, "courts 'are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.'" *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999) (quoting *Hill*, 472 U.S. at 454); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.").

Here, there is circumstantial evidence that Mr. Rush aided Mr. Maple and his mother with trafficking contraband into the prison, which meets the "some evidence" standard and the definition of the offense. [Filing No. 12-3 (the offense of conspiracy to traffic includes "attempting by one's self or with another person or conspiring or aiding and abetting with another person to" "giv[e], sell[ ], trad[e], transfer[ ], or in any other manner mov[e] an unauthorized physical object to another person . . . .").] Significantly, this circumstantial evidence includes Mr. Maple's knowledge of Mr. Rush's PIN code to access his phone account, the listing of Mr. Maple's mother's burner phone on Mr. Rush's phone list, and the deposits that Mr. Maple's mother made to Mr. Rush's phone account around the time that she had mail the contraband. From this evidence, there is a logical inference that Mr. Rush aided Mr. Maple and his mother in trafficking by disclosing his PIN code and allowing the use of his phone account.

Contrary to Mr. Rush's assertion, there need not be direct evidence of him speaking with Mr. Maple and Mr. Maple's mother to be found guilty of conspiracy to traffic. The indirect evidence detailed above is "some evidence" sufficient to support his involvement. *See Santiago*, 215 Fed. App'x at 553-54; *Hill*, 472 U.S. at 457 ("Although the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary."); *Patrick*, 2020 WL 8641421, at *2. And as to Mr. Rush's argument that he did not share his PIN code with Mr. Maple or put Mr. Maple's mother on his phone list, the DHO considered Mr. Rush's statement on the same and ultimately found it not credible, which is a finding that the Court will not disturb. *See Webb*, 224 F.3d at 652 ("It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision."); *Ping v. McBride*, 888 F. Supp. 917, 922 (7th Cir. 1993) (stating that in a prison

disciplinary case, it is not the proper function of the court "to reweigh conflicting evidence and to make credibility determinations") (citing *Viens v. Daniels*, 871 F.2d 1328 (7th Cir. 1989)).

Lastly, Mr. Rush's argument that *Diaz v. McBride*, 57 F.3d 1073, 1995 WL 338886 (7th Cir. 1995) supports his position is unpersuasive. In *Diaz*, there was no evidence linking the petitioner to the offense of extortion (only evidence linking his brother), and therefore, the DHO's decision was not supported by "some evidence." *Id.* at *2. In Mr. Rush's case, however, there is "some evidence" linking him to the offense as detailed above. As such, Mr. Rush is not entitled to habeas relief on this ground.

### B.     Confrontation of Accusers

Mr. Rush's second argument is that he was not able to confront his accusers. [Filing No. 1 at 2.] In response, the prison asserts that Mr. Rush did not raise this argument in his appeals to the Facility Head and the IDOC Final Reviewing Authority, and therefore, the argument is procedurally defaulted and cannot be asserted here. [Filing No. 12 at 10-13.] The prison also argues that Mr. Rush should not be excused from the rule requiring arguments to be made at each appeal level. [Filing No. 12 at 12-13.] In his reply, Mr. Rush did not address the prison's argument or otherwise argue on this ground. [*See* Filing No. 13.] In other words, his reply focuses solely on his argument regarding sufficiency of the evidence. [*See* Filing No. 13.]

Despite appearing to have abandoned this ground by failing to address the prison's arguments in his reply, the Court nevertheless considers the merits. To obtain review of a claim for habeas relief relating to a prison discipline case, the petitioner must have pressed each claim he seeks to raise in his habeas petition at each level of the prison discipline appeals process. *Moffat v. Broyles*, 288 F.3d at 981-82; 28 U.S.C. § 2254(b)(1)(A), (c). If a petitioner did not press a claim in the prison discipline appeals process and but later asserts the claim in his habeas petition with

8

the Court, the Court is precluded from considering such an argument "unless the prisoner can show cause and prejudice" for the default. *Moffat*, 288 F.3d at 982; *see also Shinn v. Ramirez*, 596 U.S. 366, 379 (2013) ("federal courts may excuse procedural default only if a prisoner can demonstrate cause for the default and actual prejudice as a result") (quotations and citations omitted).

Mr. Rush's argument is procedurally defaulted. He did not raise this argument in the prison discipline appeals process as evidenced by those appeals and by his petition, in which he checks the box "No" next to the question "Did you present [this argument] to the Final Reviewing Authority?" [Filing No. 1 at 3; Filing No. 12-9.] And he made no argument regarding his ability to show cause and prejudice to be excused from the procedural default. Accordingly, he cannot assert the claim here.

In any event, there is no right to confrontation or cross-examination in prison disciplinary hearings. *Wolff v. McDonnel*, 418 U.S. 539, 567-68 (1974) (holding that inmates have no constitutional right to confrontation or cross-examination in prison disciplinary proceedings). Therefore, even if the claim was not procedurally defaulted, Mr. Rush would not be entitled to habeas relief on this argument.

### C. Access to Evidence

Mr. Rush also argues that he was not able to review all of the evidence against him. [Filing No. 1 at 3.] In response, the prison asserts that Mr. Rush also procedurally defaulted this claim by failing to raise it in the prison discipline appeals process. [Filing No. 12 at 10-13.] In his reply, Mr. Rush did not address the prison's argument or otherwise argue on this ground. [*See* Filing No. 13.]

Following the law set forth above regarding procedural default, this argument is also procedurally defaulted. Mr. Rush did not raise this argument in the prison discipline appeals

process, which he also acknowledges in his petition. [Filing No. 1 at 3; Filing No. 12-9.] And like the argument above regarding confrontation, he made no argument that he can show the requisite cause and prejudice to be excused from the procedural default. Accordingly, he cannot assert the claim here.

## V. CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in Mr. Rush's case, and there was no constitutional infirmity in the proceeding that entitles him to the relief he seeks. Accordingly, Mr. Rush's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Final judgment shall issue by separate order.

Date: 9/12/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via U.S. Mail to:**

Damon Rush
278761
New Castle – CF
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362


Damon Rush
278761
New Castle Parole District
1001 Van Nuys Road
New Castle, IN 47362